**G. L. SKIDMORE et al., Appellants,**

**v.**

**Steve BYBEE et al., Appellees.**

**Motion No. 11566.**

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1966.

448

Cunningham, Cole & Southerland, Bonham, J. D. McLaughlin, Paris, for appellants.

Henry Braswell, McWhirter & Braswell, Paris, for appellees.

PER CURIAM.

A motion filed in this court labeled "Appellees' Second Motion to Dismiss Appeal for Want of Jurisdiction or in the Alternative Affirm on Certificate", states that Cause No. 28,509 on the docket of the 62nd District Court of Lamar County, Texas, was a suit to contest a school bond election wherein G. L. Skidmore, Horace Boyle, V. J. Worthey, Troy Simpkins and C. R. Cozort are Contestants, and Steve Bybee, individually and as a member of the Board of Trustees of the Powderly-Reno Independent School and the Board of Trustees of the Powderly-Reno Independent School District, and J. N. Thompson, County Attorney, are Contestees. Respecting the judgment, motion for new trial and appeal bond in such action the sworn motion says, and accompanying exhibits confirm, that:

"(1) Final judgment was made, entered, rendered and filed December 23, 1965, (as reflected by the certified copy of judgment attached hereto as Exhibit A);

"(2) The Contestant's Amended Motion for New Trial was overruled by said District Court February 9, 1966, such order being made, entered, rendered and filed on said date, and in such order Contestants-Appellants gave notice of appeal, (as reflected by the certified copy of such order attached hereto as Exhibit B);

"(3) Contestants-Appellants filed their Appeal Bond in this cause March 12, 1966, and on said date such appeal bond was approved by the Clerk of said District Court, (as reflected by the certified copy of the Appeal Bond attached hereto as Exhibit C)."

The appeal bond mentioned does not agree with the second (2) quoted item but contains a recitation that: " * * * on the 11th day of February, 1966, the Judge presiding in said court entered a judgment overruling the motions for new trial filed by petitioners and plaintiffs * * *." The motion says such recital is erroneous and the trial court's order and the clerk's certificate support the accuracy of the motion.

The records of this court show that neither a transcript nor a statement of fact pertaining to the lawsuit have been tendered to this court for filing, nor has a motion been made to extend the time in which such documents might be filed. The motion before the court does not by its prayer, expressed purposes, or when considered as a pleading seek or purport to institute an original proceeding, but seems to be designed to secure a declaration of the rights of the parties and other relief as though the mentioned suit is pending on appeal in this court. Paragraph IV of the motion avows that:

"Contestants-Appellants have attempted to perfect their appeal of this cause to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas by giving notice of appeal to such court and filing their appeal bond, but such action on the part of Contestants-Appellants cannot serve to perfect their appeal because their appeal bond has not been filed within the time prescribed by law. Contrary to the mandatory and jurisdictional requirements of Rule 356 T.R.C.P., the Contestants-Appellants have failed to file their appeal bond in this cause with the Clerk of the 62nd Judicial District Court of Lamar County, Texas, within thirty days after the date of rendition of judgment or order overruling motion for new trial and the Court of Civil Appeals is therefore without jurisdiction to hear and determine such appeal. The attempted appeal by said Contestants-Appellants in this case should accordingly be dismissed for lack of jurisdiction and the clerk instructed to refuse to receive the statement of facts and transcript in the event Contestants-Appellants attempt to file same with such clerk."

This court has concluded that the only proper order it may enter is one dismissing this motion. Rule 363, Vernon's Ann.Tex. Rules of Civil Procedure provides that an appeal is perfected when the notice of appeal is given and an appeal bond or pauper's affidavit is filed, except in cases involving a contested pauper's affidavit. The motion and exhibits referred to therein show that the appeal bond was not filed within a thirty day period following the date the motion for new trial was overruled, as required by Rule 356. Taking notice of this court's records and accepting these factual recitals as true, it is apparent an appeal has not been perfected in the mentioned case. Dillard v. McClain (Tex. Civ.App.1959), 322 S.W.2d 26, wr. ref., 159 Tex. 559, 324 S.W.2d 163; Lucchese v. Specia (Tex.Civ.App.1955), 281 S.W.2d 725, er. ref.; Howe v. Howe (Tex.Civ.App. 1950), 223 S.W.2d 944, er. ref.

Since neither transcript nor statement of fact as contemplated by Rules 376, 376–a, 377, 377–a, 378, or 381 has been tendered for filing in this court, granting the suggested relief, that the clerk of this court be ordered to decline to receive a statement of fact and transcript if tendered, is not an appropriate disposition of the motion for reasons other than lack of jurisdiction. The clerk's duties with respect to tardily filed transcripts and statements of fact are covered by Rules 389 and 389–a. These rules contemplate that proper orders will be made with respect to filing when such instruments are tendered and at such time a motion by these movants to dismiss will be in order. There is no warrant for giving the clerk instructions under the circumstances shown to prevail by the motion.

The alternative relief sought, affirmance on certificate, is not in order for the same reason, lack of jurisdiction. Luc-

chese v. Specia, supra. This court after appropriate notice may, under the provisions of Rule 387, affirm on certificate when an appellant has failed to file a transcript of the record within the proper time and the appellee in addition to moving for affirmance files a certified copy of the judgment and a certificate of the clerk of the trial court stating the *time when and how* such appeal or writ of error *was perfected.* The first purpose of this motion and its recitals and exhibits is to show that an appeal was not perfected. As the motion presents the matter, no appeal has been perfected. An attempt to affirm the mentioned judgment on any basis would be nugatory.

The motion is dismissed without prejudice.