**Lloyd E. Burnett LAMB, Appellant,**

**v.**

**Evelyn D. LAMB, Appellee.**

**No. 8016.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 10, 1970.

Rehearing Denied Nov. 10, 1970.

Tony Hileman, Jefferson, Grady Inzer, Longview, for appellant.

J. R. Cornelius, Cornelius & Cornelius, Jefferson, for appellee.

FANNING, Justice.

The opinion of October 20, 1970, in this cause is withdrawn and the following opinion is rendered in lieu thereof.

Appellee has filed a motion to dismiss appellant's appeal because the transcript was not timely filed.

The record shows that appellant's amended motion for new trial was overruled by the trial court on July 1, 1970. There is a notation on the order that it was filed on July 6, 1970.

The order overruling the motion for new trial shows in the body of the order that it was rendered on July 1, 1970. The order bears the signature of the judge. There is no statement in the order stating the date the order was "signed". In this connection see Rule 306a, Tex.R.Civ.P. The notation of filing of the order made by the clerk is without force to establish the date of the signing of the judgment. We must, therefore, under this record take the date of July 1, 1970, as the date of the rendition of the order of the trial court overruling the motion for new trial. In this connection see Heard v. Heard, Tex. Civ.App., 305 S.W.2d 231, wr. ref., n. r. e. (1957) wherein it was stated in part as follows:

"The notation of the date of *filing* made by the Clerk beneath the signature of the judge is, in our opinion, without force to establish the date the judgment was signed. Actually, judgments and orders are not required to be filed. Nor may it be said that either the date of the entering or the date of the filing of judgments and orders may be taken as indicative of the date they were signed. In Polis v. Alford, Tex.Civ.App., 267 S.W.2d 918, 919, there appeared below the judge's signature the notation: 'Entered: Feby. 3, 1954'. The court said:

" 'This notation is not in substantial compliance with Rule 306a, Texas Rules of Civil Procedure, which provides that when a judgment is "reduced to writing and *signed* by the trial judge *and the date of signing stated therein*", such date may be taken as the date of rendition of judgment for the purpose of determining the periods within which the various steps of an appeal may be taken. The term "entered" is not synonymous with the word, "signed", but has a definite fixed legal meaning and refers to the ministerial act of the clerk of a court in spreading

the judgment upon the minutes. Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, and authorities therein cited.'

"We think this language has application here. The date the Clerk places his file mark on a judgment may no more be taken as the date of rendition than may the date when the judgment is entered on the minutes."

Rule 386, Tex.R.Civ.P. provides:

"In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. As amended by order of Oct. 10, 1945, effective Feb. 1, 1946."

The transcript was filed in this court on September 9, 1970, which was more than 60 days after July 1st, 1970. No application for extension of time for filing the transcript was filed or granted.

The provisions of Rule 386, Tex. R.Civ.P., with respect to the filing of the transcript are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, (1952); Whitt v. Hargraves et al., 412 S.W.2d 344 (Tex.Civ.App.1967, n. w. h.).

Appellee's motion is granted and appellant's appeal is dismissed.