M. C. WINTERS, INC., and M. C. Winters, Individually, Appellants,

v.

William COPE, Appellee.

No. 8038.

Court of Civil Appeals of Texas, Texarkana.

April 27, 1971.

B. J. Sanders, Moursund, Ferguson & Sanders, Johnson City, for appellants.

Lynn Cooksey, Texarkana, Rick Harrison, Hughes Springs, for appellee.

RAY, Justice.

This case involves an appeal from the District Court of Bowie County in which the appellants, M. C. Winters, Inc., and M. C. Winters, Individually, seek review of the District Court's order overruling the

Plea of Privilege filed by them seeking to have the case transferred to Blanco County. Appellee, William Cope, filed his motion to dismiss for want of jurisdiction, stating that appellants did not file their appeal bond within twenty days after rendition of the order appealed from as required by Rule 385, Texas Rules of Civil Procedure.

The time sequence followed by appellants in this cause is as follows:

December 22, 1970: The Order Overruling Plea of Privilege was signed and entered by the District Court.

January 11, 1971: Appellant's Motion for Extension of Time to File Transcript and Statement of Facts.

January 19, 1971: Order by Court of Civil Appeals granting Appellant's Motion for Extension of Time to File Transcript and Statement of Facts.

February 16, 1971: Letter from appellants' counsel to the District Clerk of Bowie County designating the documents to be included in the transcript.

February 22, 1971: Appeal Bond filed in the District Court by Appellants.

February 24, 1971: Statement of Facts filed in the Court of Civil Appeals.

March 25, 1971: Brief for Appellants filed in Court of Civil Appeals.

April 7, 1971: Motion to Dismiss for Want of Jurisdiction filed by Appellee.

April 19, 1971: Appellants' Answer to Appellee's Motion to Dismiss for Want of Jurisdiction filed in the Court of Civil Appeals.

While appellants timely filed their motion for extension of time to file transcript and statement of facts on January 11, 1971, and such motion was granted by the Court on January 19, 1971, appellants had not timely filed their appeal bonds. Subsection (a) of Rule 385 provides that the appeal bond must be filed within twenty days after the rendition of the order appealed from. Subsection (b) of Rule 385 allows the appellate court to extend the time in which to file the record in the case, but does not allow for additional time to file the appeal bond.

"Rule 385. Appeals From Interlocutory Orders

Appeals from interlocutory orders (when allowed by law) may be taken by

(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, in an amount and to be approved and conditioned as required by the rules governing appeals generally; *and*

(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof." (Emphasis added).

In reviewing the rule and reading subsections (a) and (b) together, it is obvious that two requirements must be met to perfect an appeal from an interlocutory order. First, the appeal bond must be filed within twenty days and secondly, the record must be filed within twenty days, unless such time is extended in accordance with the provisions of Rule 385(b) by the appellate court. The appellants complied with subsection (b) of Rule 385, but failed to comply with the requirements of subsection (a). Since the filing of the appeal bond is jurisdictional, the failure to file appellants' appeal bond within the twenty day mandatory time limit is fatal to the appeal and the case must be dismissed for want of jurisdiction, thus leaving the trial court's order effective. Rosenfield v. Hull, 304 S.W.2d 571 (Tex. Civ.App., Texarkana 1957); Bean v. City of Arlington, 464 S.W.2d 208 (Tex.Civ. App., Fort Worth 1971).

For the above reasons, it is not necessary, and the Court has not considered the ap-

peal on its merits. Based upon the authorities and the facts above related we find and hold that the appellants did not timely file their appeal bonds, and thus we have no jurisdiction to consider the appeal on its merits.

The motion of appellee, William Cope, is accordingly granted and this case is ordered dismissed for want of jurisdiction.