**Eleanor KEARNEY et al., Appellants,**

v.

**Beverley Sparks BRALEY et al., Appellees.**

No. 15817.

Court of Civil Appeals of Texas.
Houston (1st Dist.).

June 24, 1971.

BELL, Chief Justice.

The appellees, Beverley Sparks Braley and Heulette Carolyn Sparks Lundelins, as proponents, obtained a judgment admitting to probate the will of Herman T. Keller,

Deceased, dated July 18, 1968. Eleanor Kearney contested the will and offered for probate a will dated May 15, 1968. The May 1968 will had a provision creating a charitable trust so the Attorney General of Texas also became a proponent of the May will and a contestant of the July will as a representative of the State of Texas, as provided by Article 4412a, Vernon's Ann.Tex.St. Braley and Lundelins contested the May will.

On trial in the District Court, after appeal from the County Court, judgment was rendered admitting the July will to probate as the last will and testament of Herman T. Keller and denying probate to the May instrument. The judge signed the judgment January 19, 1971. It contained notice of appeal by the Attorney General and Eleanor Kearney. The appeal to this court was as to the Attorney General perfected as he was not required to file an appeal bond. Article 2276, V.A.T.S.

Eleanor Kearney filed a motion for new trial January 27, 1971. It was overruled by operation of law March 13, 1971.

A certificate of the District Clerk shows Kearney filed no appeal bond and posted no cash in lieu of bond.

The Attorney General and Kearney have filed nothing in this court.

Braley and Lundelins have filed their motion to affirm on certificate as to the Attorney General, as provided by Rule 387, Texas Rules of Civil Procedure, and to dismiss the appeal as to Kearney.

The motion to affirm on certificate as to the Attorney General of Texas is granted. Rule 387, T.R.C.P.

We have no jurisdiction to affirm on certificate unless an appeal bond or cash in lieu thereof has been timely filed. Neither was filed. We, therefore, dismiss the motion to affirm as to Kearney. If she should tender any transcript to this court, we would refuse to file it for want of ju-

risdiction. Skidmore v. Bybee, 405 S.W.2d 447 (Tex.Civ.App.), n. w. h.

Affirmed as to the Attorney General of Texas. Motion to dismiss the appeal as to Kearney is dismissed.