**Thelma Brockers WILLIAMS et al., Relators,**

**v.**

**Honorable C. B. MAYNARD et al., Respondents.**

**No. 12200.**

Court of Civil Appeals of Texas, Austin.

Oct. 16, 1974.

Rehearing Denied Nov. 6, 1974.

John H. Akin, Pearce, Smith & Akin, Austin, for relators.

Emmett Shelton, Shelton & Shelton, Austin, for respondents.

O'QUINN, Justice.

Relators seek relief by mandamus in connection with their appeal from a final judgment in a cause tried in the 21st District Court of Bastrop County.[1]

Under their fourth and final point of error Relators contend that the district judge abused his discretion in affirming the contest of Relators' affidavit in lieu of costs filed pursuant to Rule 355, Texas Rules of Civil Procedure, and in not affirming Relators' affidavit of inability to pay costs of appeal.

Upon the hearing of a contest under Rule 355, the burden of proof rests upon the appellant to sustain the allegations of the affidavit in lieu of costs.

The trial court conducted a hearing on July 9, 1973, at which two of the Relators testified and were cross-examined at length by counsel for the parties contesting the affidavit. No testimony or other evidence in rebuttal was tendered or introduced. The district judge entered an order August 29, 1973, in which the court found that Relators had failed to establish by proper and sufficient proof their inability to pay costs of an appeal.

Relators offered proof as stated here in summary.

Thelma Brockers Williams while working as a maid suffered a fall prior to 1970, and since that time has undergone two operations on her spine, resulting in her inability to work. She received more than $4,000 under a workmen's compensation claim, but that money was used up in medical fees, living expenses, and other costs, prior to institution of the suit relating to the "Brockers tract."

She tried working one month for Goodwill Industries, which caused her injury to

1. Relators are Thelma Brockers Williams, John Brockers, Jr., and William Brockers, who were plaintiffs in the cause below in which title to land of the "Brockers Estate" is involved; Respondent is C. B. Maynard, district judge of the 21st Judicial District of Bastrop County; and Co-Respondents are Lamar L. Kirven, defendant below, Ethelene Jones, warrantor and predecessor in title of Kirven, and Peggy Walicek, district clerk, and Ethel Tarver, official court reporter.

"flare up" and resulted in a second operation, a bone graft in her spine. She is under care of two doctors, has therapy treatments twice a week which cost about $60 per month, and her drug bills amount to about $35 per month. She requires drugs to relieve pain and must have hormone supplements as a result of another operation, a hysterectomy. She has also undergone an operation for removal of tumors of the breast.

This Relator's income consists of $78.40 per month in social security payments and such sums as are given her occasionally by her youngest child, a boy 18 years of age who works in Austin for a transit company. The Relator drives an old model car on which she still owes $800, but the car is necessary for her to use in going to and from the hospital to assist in caring for her husband who is dependent on a kidney machine to live, having had both kidneys removed by surgery. They have unpaid medical and hospital bills in excess of $9,000. The husband, her common law spouse of seven years, is not able to work and has no property or income.

Thelma Brockers Williams also testified that she and her brothers had tried without success to borrow money on their undivided interest in the "McCloud family" tract of land in Bastrop County, and that efforts to sell the property had failed because four of the large number of McCloud heirs refused, and still refuse, to join in the sale. The Relator "draws a few commodities" but receives no form of "relief." She testified that despite her efforts to work and to raise money on the "McCloud tract," she knew of no way she could get $500 to $700 in cash for court costs on her appeal of the "Brockers tract" suit.

Another Relator, John Brockers, Jr., testified at the hearing on contest of the affidavit in lieu of costs. John Brockers lives in Houston, is married, and the couple has four children. Brockers operates a "one-car repair garage" in Houston, pays rent of $65 per month on the garage, and takes home about $75 to $100 a week. After paying expenses of living for the family of six he has left only "a couple of dollars" each week. Brockers is buying a home, on which for the past five years has been paying $108 per month. Brockers has a 1965 automobile and a 1959 truck. He tried without success to borrow $450 for court costs on pledge of the car and truck in Houston. Brockers' wife works only "occasionally" since she cares for the children at home, the youngest being only 18 months old.

The third Relator, brother of the first two, is William Brockers, who is unmarried, owns no property, and has no income by reason of being confined in the Texas State Department of Corrections at Huntsville. William Brockers was not present at the hearing.

▇▇▇▇ Relators have sought the proper remedy, by application for mandamus, to direct the district judge to affirm their affidavit of inability to pay costs of appeal. Coleman v. Long, 407 S.W.2d 279 (Tex. Civ.App. Dallas 1966, no writ). The question for this Court to determine is whether examination of the record as a whole establishes that the district judge abused his discretion in sustaining the contest and in not affirming Relators' affidavit of inability to pay costs of appeal. King v. Payne, 156 Tex. 105, 292 S.W.2d 331 (1956). Since the affidavit was contested, Relators had the burden to show the district court by a preponderance of the evidence that, even though they wanted to pay costs and made good-faith efforts to do so, they still were unable to pay costs of appeals, or any part thereof, or to give security for costs. Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19 (1942).

▇▇▇▇ The record when reviewed as a whole demonstrates that Relators met that burden, and it follows that the district judge abused his discretion in sustaining the contest and in failing to affirm Relators' affidavit in lieu of costs.

In view of our disposition of the fourth point of error, we find it unnecessary to consider and decide the issues raised by the first three points of error.

The application for writs of mandamus will be granted. Respondents are directed to sustain Relators' affidavit of inability to pay costs of appeal and to prepare and furnish to Relators a transcript and a statement of facts for use in the appeal.

Inasmuch as we are confident the district judge, the district clerk, and the official court reporter will honor this decision and will promptly comply with the directions given, the writs of mandamus will issue only if the Respondents, or any one of them, shall fail or refuse to comply with our directions.

Mandamus granted.