**SEAWAY PIPELINE, INC., Appellant,**

v.

**J. M. SCHWEBEL et ux., Appellees.**

**No. 16857.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 20, 1977.

Rehearing Denied Feb. 17, 1977.

PER CURIAM.

Appellants have filed a motion to require the Clerk to file the transcript and statement of facts in this case and appellees have filed a motion to affirm the case on certificate. The question before the court is whether appellants' failure to timely file a motion for extension of time to file the transcript and statement of facts precludes this court's consideration of the motion.

Appellants' amended motion for new trial was overruled by operation of law on September 3, 1976, and the transcript was required to be filed in this court on or before

November 2, 1976. The appellants' failure to timely file the transcript did not require a dismissal of the appeal provided that within fifteen days after the transcript was required to be filed, a motion for extension of time was filed with this court reasonably explaining the failure to timely file the transcript. Rule 21c, Texas Rules of Civil Procedure.

The last day for filing a motion to extend time for filing was November 17, 1976, and the appellants' motion for extension of time was not filed until November 19, 1976. Thus, the motion for extension of time was not timely filed. Appellants' motion to direct the Clerk to file the transcript reflects that counsel for appellants suffered a heart attack on November 16, 1976, and therefore was not able to prepare the motion for extension of time until the deadline of November 17, 1976, had passed. Although this court is sympathetic with the circumstances presented by appellants' motion and would be inclined to grant the motion for extension had it been timely filed, the requirement for filing the motion for extension of time within the time specified is mandatory and jurisdictional. *Cousins v. Brown,* 539 S.W.2d 233 (Tex.Civ.App.—Houston [1st] 1976, no writ).

Appellees' motion for affirmance on certificate contains appropriate certificate of the County Clerk stating the time the appeal was perfected and certifying a copy of the judgment entered by the trial court. The motion for affirmance on certificate has been timely and properly filed, and the judgment of the trial court must be affirmed on certificate against both the appellant and the sureties on the appeal bond. Rule 387, Texas Rules of Civil Procedure.