**CINEMAS SOUTHWEST, INC., et al., Appellants,**

v.

**Katherine J. JEFFRIES et al., Appellees.**

**No. 1221.**

Court of Civil Appeals of Texas, Corpus Christi.

April 14, 1977.

F. Edward Barker, Harris, Cook, Browning & Barker, Corpus Christi, for appellants.

Asa V. Bland, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellees.

## OPINION

PER CURIAM.

This is an attempted appeal from a judgment rendered in the 139th District Court of Hidalgo County, Texas, on November 8, 1976. Appellants' timely-filed motion for new trial was overruled by operation of law on January 3, 1977, making the record due in this Court on March 4, 1977. Rule 386, T.R.C.P. The transcript and statement of facts were received in this Court on April 1, 1977. Appellant Cinemas Southwest, Inc. filed a motion to extend time to file the transcript and statement of facts on April 5, 1977.

In the motion to extend time, appellant described a series of communications with the office of the District Clerk of Hidalgo County in which he requested the preparation of the record and inquired on several occasions whether or not it had been sent to the Court of Civil Appeals. Information provided by various personnel in the District Clerk's office indicated the record was no longer in the Clerk's office, and probably had been sent. When no confirmation of receipt was received from the Clerk of this Court, appellant again inquired into the whereabouts of the record. On March 28, 1977, appellant telephoned the District Clerk of Hidalgo County, who made a diligent search and discovered that the papers had been misplaced and had never been prepared for filing in the Court of Civil Appeals. The District Clerk promptly prepared the transcript and mailed it, along with the statement of facts, to the Court of Civil Appeals. The record was received in this Court on April 1, 1977.

In his motion, appellant described making this series of inquiries with the District Clerk's office and his reliance on statements by office employees indicating the record had probably been sent. However, at no time did he communicate in any way with this Court to ascertain if the record had been received. Rather than calling the Clerk of this Court to inquire why he had not received confirmation of the filing of the record, he directed his inquiries solely to the Hidalgo County District Clerk's office.

Rule 386, T.R.C.P., requires the record to be filed within 60 days of judgment or the overruling of a motion for new trial. Extensions of time are governed by Rule 21c, T.R.C.P., which requires a motion to be filed no later than 15 days after the record is due. Rule 21c is a new rule which became effective January 1, 1976. The Supreme Court recently held that the 15-day period during which the motion to extend time must be filed is mandatory, and a motion filed thereafter cannot be considered. The Court stated, ". . . The fifteen-day time limit is mandatory; and unless a motion is filed within fifteen days,

the court of civil appeals cannot grant leave to file the instruments." *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). While the Supreme Court in *Meshwert v. Meshwert, supra,* gave the Courts of Civil Appeals wide discretion in determining whether an · appellant's explanation for missing a due date is reasonable, it gave the Courts of Civil Appeals no discretion to make any determination when a motion to extend time if filed later than 15 days after the due date.

 The record was due in this appeal on March 4, 1977, and the 15th day thereafter which did not fall on a Saturday, Sunday, or legal holiday, was March 21, 1977. Appellant's motion filed April 5, 1977, is not timely. This Court lost jurisdiction at the expiration of 75 days following the overruling of appellants' motion for new trial.

 Appellant urges that Rule 21c does not deprive this Court of discretion to grant his motion because the rule permits the Court to act upon a motion at a date after the expiration of the 15-day grace period. This point has no merit. While Rule 21c permits the Court to act upon a timely-filed motion after the 15th day, it does not permit the Court to act upon a late-filed motion. *Meshwert v. Meshwert, supra,* so holds.

Due to the late receipt of the motion and of the record, this Court has no jurisdiction to entertain the appeal.

APPEAL DISMISSED.