Jerry JOHNSON, Appellant,

v.

Rosa Lee BARGE, Appellee.

No. 21704.

Court of Civil Appeals of Texas, Dallas.

April 28, 1977.

Rehearing Denied May 19, 1977.

Edith L. James, Dallas, for appellant.

Roy L. Stacy, Bradshaw & Bynum, Dallas, for appellee.

PER CURIAM.

Appellant, Jerry Johnson, has filed a motion to require the clerk of this court to docket his appeal from an order sustaining a contest to his pauper's oath. The question before the court is whether we have jurisdiction over such an appeal. We hold that such an order is interlocutory and not appealable and, accordingly, overrule the motion.

Judgment was rendered on November 5, 1976, and appellant's amended motion for new trial was overruled on December 10, 1976. An affidavit in lieu of cost bond was filed within the prescribed time, and a contest to that affidavit was subsequently sustained on February 4, 1977. By that time the thirty-day period prescribed by Tex.R. Civ.P. 356 for filing a cost bond had passed, and the only way the primary appeal can now be heard is by appellate review and reversal of the order sustaining the pauper's oath contest.

That order, however, cannot be reviewed by an ordinary appeal because it is interlocutory in nature. *Florek v. Shaw*, 357 S.W.2d 769, 770 (Tex.Civ.App.—Dallas 1962, no writ); *Burleson v. Rawlins*, 174 S.W.2d 979, 980 (Tex.Civ.App.—Dallas 1943, no writ). Appellant's only procedural remedy in such a case is to seek a writ of mandamus to direct the trial judge to require preparation of the record without cost on the basis of the pauper's affidavit. *Williams v. Maynard*, 515 S.W.2d 9, 11 (Tex. Civ.App.—Austin 1974, writ dism'd); *Burleson v. Rawlins, supra.* This attempted appeal cannot be considered as an application for a writ of mandamus. Even if it were so considered, the primary appeal would still fail. No record has been timely tendered for the primary appeal, and the time prescribed by Tex.R.Civ.P. 21c for filing a motion to extend the filing date has now expired. We recognize that appellant could not have filed the record without obtaining a writ of mandamus, but we could have extended the filing date under rule 21c if a timely and proper motion had been filed. Although appellant did file a motion to extend, it was overruled because it did not reflect the date of the judgment upon which the appeal was based. Without such a showing, we were unable to determine whether the motion had been filed within the time allowed under rule 21c.

We hold, therefore, that our clerk acted within her authority in refusing to file this appeal. When the clerk feels that a prospective appeal would not be properly before the court, she is authorized to refuse filing pending a decision by the court. Tex. R.Civ.P. 388. Since we agree with the clerk's jurisdictional opinion, appellant's motion is overruled.