**Tom SADLER, d/b/a Standard Builders Supply, Appellant,**

**v.**

**Jim DUNCAN et ux., Appellees.**

**No. 77–78.**

Court of Civil Appeals of Texas, Texarkana.

May 17, 1977.

Robert Rolston, Russell & Rolston, Mount Pleasant, for appellant.

B. Reagan McLemore, III, Longview, for appellees.

RAY, Justice.

This is a venue case. Jim Duncan and wife, Barbara Abdnor Duncan, appellees (plaintiffs), brought suit against Tom Sadler, d/b/a Standard Builders Supply, appellant (defendant), alleging fraud and violations of the Texas Business and Commerce Code. Appellant Sadler filed his plea of privilege requesting the case to be transferred to Gregg County. Appellees filed their controverting affidavit after which the trial court entered its order overruling the plea of privilege on December 30, 1976. The cost bond on appeal was filed with the District Clerk on January 28, 1977.

On March 4, 1977, appellant tendered to the Clerk of this Court the transcript for filing. Appellees then filed a "Motion To Affirm Or Dismiss For Late Filing Of Transcript."

Rule 385, Tex.R.Civ.P., concerns appeals from interlocutory orders and provides that an appeal or supersedeas bond must be filed within twenty (20) days after rendition of the order appealed from *and* the record must be filed in the appellate court within twenty (20) days after rendition of the order appealed from unless a motion is filed in the appellate court within such twenty day period, or within five (5) days thereaft-

er, seeking an extension of time in which to file the record.

In the present case, the cost bond on appeal was filed twenty-nine (29) days after the order overruling the plea of privilege. This Court stated in *M. C. Winters, Inc. v. Cope,* 467 S.W.2d 224 (Tex.Civ.App. Texarkana 1971, no writ), that the filing of the appeal bond within twenty (20) days is mandatory and jurisdictional and the failure to timely file the bond is fatal to the appeal.

In the instant case the transcript was tendered for filing in this Court on March 4, 1977, a period much longer than twenty (20) days after the order overruling the plea of privilege. No motion for extension of time within which to file the transcript has ever been submitted to this Court by appellant.

Since appellant failed to timely file his cost bond and failed to timely file the record on appeal, no appeal has been perfected to this Court. Appellees' motion to affirm on certificate is denied, but their motion to dismiss for want of jurisdiction is granted. *Cattle Land Oil Co. v. Willis Drilling Company, Inc.,* 509 S.W.2d 383 (Tex.Civ.App. Corpus Christi 1974, no writ); *Winters v. Cope,* supra; *Skidmore v. Bybee,* 405 S.W.2d 447 (Tex.Civ.App. Texarkana 1966, no writ).

It is accordingly ORDERED that this case be dismissed for want of jurisdiction.