Wanda WELLS, Appellant,

v.

James WELLS, Appellee.

No. 1881.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 17, 1978.

John V. Elick, Elick & Elick, Bellville, for appellant.

C. E. Clover, Jr., Conner, Odom & Clover, Sealy, for appellee.

**PER CURIAM.**

Wanda Wells appeals from a divorce decree which was entered on January 24, 1978. In lieu of filing a cost bond or making a deposit pursuant to Texas Rule of Civil Procedure 356, appellant filed an affidavit of inability to pay costs of appeal pursuant to Texas Rule of Civil Procedure 355 on February 13, 1978. The pauper's oath was contested, and, on March 29, 1978, the trial court sustained the contest. On March 31, 1978, appellant filed a cash deposit in lieu of an appeal bond. Such filing occurred sixty-six days after the rendition of final judgment, thirty-six days too late. Tex.R.Civ.P. 356.

The filing of a pauper's oath does not toll the appellate time table if the contest is sustained. *See Johnson v. Barge*, 552 S.W.2d 508 (Tex.Civ.App.-Dallas 1977, writ ref'd n. r. e.). The cash deposit was not timely filed, and, under Texas Rule of Civil Procedure 363, the appeal was never perfected. We are therefore compelled to dismiss this suit for lack of jurisdiction. *Glidden Company v. Aetna Casualty & Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Washington v. Golden State Mutual Life Insurance Co.*, 405 S.W.2d 856 (Tex. Civ.App.-Houston), *writ ref'd per curiam*, 408 S.W.2d 227 (Tex.Sup.1966); *see Lowry v. Lowry*, 481 S.W.2d 462 (Tex.Civ.App.-Austin 1972, writ dism'd); *Lucches v. Specia*, 281 S.W.2d 725 (Tex.Civ.App.-San Antonio 1955, writ ref'd).

Rule 363 requires a careful eye. A cursory reading of the rule might lead one to believe that the mere filing of the affidavit in lieu of the bond would perfect the appeal, but this is so only when no contest is filed or when the contest is overruled. If the contest is sustained, then the appealing party is required to file a cost bond, and it must still be filed within the time frame prescribed by Rule 356. *Johnson v. Barge, supra.*

Therefore, a person seeking to appeal on a pauper's oath puts all his chips on the line. The affidavit must be filed within twenty days after rendition of judgment or order overruling the motion for new trial, but the opposing party has ten days after the giving of notice of such affidavit to file a contest. The court then sets the contest for

**126**

hearing. So in most every instance, by the time there is a ruling on the contest, the time for filing a cost bond has expired, and, if the contest is sustained, the party attempting the appeal is out of court.

█ Appellant tendered the transcript to this court on April 13, 1978, seventy-nine days after the rendition of final judgment. Texas Rule of Civil Procedure 386 requires that the transcript be filed within sixty days of the rendition of final judgment. This is another reason why this court does not have jurisdiction over this appeal. *Cinemas Southwest, Inc. v. Jeffries,* 550 S.W.2d 747 (Tex.Civ.App.-Corpus Christi 1977, no writ); *Perez v. Los Fresnos State Bank,* 512 S.W.2d 796 (Tex.Civ.App.-Corpus Christi 1974, no writ); *Lamb v. Lamb,* 459 S.W.2d 689 (Tex.Civ.App.-Texarkana 1970, no writ); *see Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.Sup.1977).

█ Appellant has filed a motion to extend the time to file the transcript in this case. Such motion was filed on April 27, 1978, approximately thirty-three days after the last prescribed day for filing. Texas Rule of Civil Procedure 21c allows for the granting of extensions of time but the motion must be filed within fifteen days of the last day for filing. Appellant's motion is eighteen days too late and cannot be considered. *See Meshwert v. Meshwert, supra; Cinemas Southwest, Inc. v. Jeffries, supra; Seaway Pipeline, Inc. v. Schwebel,* 547 S.W.2d 313 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ).

Appellee has filed with this court a motion to affirm on certificate pursuant to Texas Rule of Civil Procedure 387. However, since appellant's cash deposit was not filed within the thirty-day period allowed by Texas Rule of Civil Procedure 356, no appeal was perfected. Tex.R.Civ.P. 363; *see Carroll v. Petro-Chemical Transport, Inc.,* 502 S.W.2d 871 (Tex.Civ.App.-Beaumont 1973), *modified and affirmed on other grounds,* 514 S.W.2d 240 (Tex.Sup.1974); *Kearney v. Braley,* 470 S.W.2d 309 (Tex.Civ.App.-Houston [1st Dist.] 1971, no writ); *Lucches v. Specia, supra* ; Tex.R.Civ.P. 387.

The attempted appeal is dismissed for lack of jurisdiction.