**James H. QUARLES, Individually and as Trustee of the James H. Quarles Trust, Appellant,**

v.

**Taylor C. GREEN, Independent Executor of the Estate of E. W. Ogden, Deceased, Appellee.**

**No. 17259.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 10, 1978.

Rehearing Denied Sept. 7, 1978.

James H. Quarles, pro se.

Barrow, Bland & Rehmet, Charles J. Wilson, Houston, for appellee.

PEDEN, Justice.

Appellees have filed a plea to the jurisdiction of this court over this cause, asserting that the appellant failed to timely file an appeal bond as required by Rule 356, Texas Rules of Civil Procedure. Appellant filed an affidavit in lieu of appeal bond, but the contests of it were sustained by the trial court. Appellees point out that appellant failed to file his appeal bond by June 3, 1978 (within thirty days after the overruling of the motion for new trial on May 4). We sustain the plea to the jurisdiction.

Appellant's affidavit in lieu of the cost bond was dated May 19, 1978 and was mailed to appellee on May 22. This affidavit could not be located in the district clerk's office, but the parties treated the affidavit as timely filed under Rule 356 (b). Appellees filed their contest on the affidavit on May 23.

The trial court sustained appellees' contest on June 30. The court's order recites that a hearing was held on June 26, and although appellant and his attorney were given notice as required by Rule 355, T.R.C.P., they failed to appear. At the hearing on the contest of the appellant's affidavit, the burden of proof rests on the appellant to sustain the allegations of his affidavit. *King v. Payne,* 156 Tex. 105, 292 S.W.2d 331, 336 (1956); Rule 355 (d), T.R.C.P. Since the appellant in our case failed to appear at the hearing and offer proof of his affidavit, the court had no alternative but to sustain the contest.

If the contest is sustained, the appealing party is required to file a cost bond within the time prescribed by Rule 356. Delay in acting on a contest of an affidavit in lieu of bond does not operate to extend the time for the filing of the bond. *DeMiller v. Yzaguirre, 143 S.W.2d 425 (Tex.Civ. App. 1940, writ refused); King v. Payne,* 156 Tex. 105, 292 S.W.2d 331, 334 (1956); *Wells v. Wells,* 566 S.W.2d 124 (Tex.Civ. App. 1978, no writ); *Johnson v. Barge,* 552 S.W.2d 508 (Tex.Civ.App. 1977, writ ref. n. r. e.). This time for filing a cost bond has expired, and appeal has not been timely perfected under Rule 363, so this court has no jurisdiction. *Wells v. Wells,* supra at 125.

On July 6, 1978, the appellant in our case filed a motion to extend the time for filing the transcript, but by then this court had no jurisdiction over the attempted appeal.

Dismissed for want of jurisdiction.