**Warren G. WELLS, Sr., Appellant,**

v.

**Mary A. WELLS, Appellee.**

**No. 17199.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 10, 1978.

Rehearing Denied Sept. 7, 1978.

Warren G. Wells, Sr., pro se.

Foster, Pope & Orsak, Logene L. Foster, Sugarland, for appellee.

EVANS, Justice.

This involves a motion by the appellant, Warren G. Wells, Sr., acting pro se, for leave to file a writ of mandamus to require the court reporter of the 328th Family District Court of Fort Bend County, Texas, to prepare and file the statement of facts taken during a divorce proceeding.

It appears that the final judgment of divorce was entered by the trial court on January 11, 1978, and that the appellant's motion for new trial was overruled on February 17, 1978. A contest of the appellant's inability to pay costs of appeal was sustained by the trial court on March 30, 1978.

In his motion Mr. Wells states that the court reporter has refused to transcribe and file the statement of facts without an advance cash payment of $3,500.00 to $4,500.00 or the posting of a bond for like amount, and he contends that the judgment awards him the sum of $4,500.00 in cash which constitutes adequate security for the cost of preparing the statement of facts.

A court reporter may not refuse to deliver a statement of facts when an appeal bond or a proper exemption therefrom has been filed. *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ). Thus, where the appeal bond is sufficient to cover preparation of the appellate record, a court reporter cannot insist on cash in advance as a condition to the transcription of the statement of facts. *O'Brien v. Gibbs*, 555 S.W.2d 199 (Tex.Civ.App.—Dallas 1977, no writ); *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

The problem in the present case is that an appeal bond was not filed on Mr. Wells' behalf, and the time for filing a cost bond has passed. Rule 356, Tex.R.Civ.P.

The filing of a pauper's oath does not toll the appellate time table if the contest is sustained, and the appealing party is required to file a cost bond or to make a cash deposit within the time frame prescribed by Rule 356, Tex.R.Civ.P. *Wells v. Wells*, 566 S.W.2d 124 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Johnson v. Barge*, 552 S.W.2d 508 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.).

"Rule 363 requires a careful eye. A cursory reading of the rule might lead one to believe that the mere filing of the affidavit in lieu of the bond would perfect the appeal, but this is so only when no contest is filed or when the contest is overruled. If the contest is sustained, then the appealing party is required to file a cost bond, and it must sill be filed within the time frame prescribed by Rule 356. *Johnson v. Barge*, supra.

Therefore, a person seeking to appeal on a pauper's oath puts all his chips on the line. The affidavit must be filed within twenty days after rendition of judgment or order overruling the motion for new trial, but the opposing party has ten days after the giving of notice of such affidavit to file a contest. The court then sets the contest for hearing. So in most every instance, by the time there is a ruling on the contest, the time for filing a cost bond has expired, and, if the contest is sustained, the party attempting the appeal is out of court." (566 S.W.2d 125–6)

The motion of Mr. Wells must be denied, and the appeal is ordered dismissed for want of jurisdiction.