Jacquelyn Elizabeth TALLEY, Appellant,

v.

Lawrence Erbin TALLEY, Appellee.

No. 1569.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 30, 1979.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Mark H. Giles, Giles, Adams & Pate, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellant attempted to perfect her appeal by timely filing an affidavit in lieu of cost bond pursuant to Rule 355, T.R.C.P. Appellee contested within seven days. No hearing was held nor ruling made within 30 days of judgment. On the 32nd day following judgment, a hearing was held concerning the affidavit and contest. Four days later the trial judge signed an order sustaining the objection and quashing the pauper's affidavit. A regular bond was ultimately filed 42 days following judgment.

Appellee filed a motion to dismiss the cause for want of jurisdiction. Appellant filed a brief alleging five points of error, the first of which complains the trial court erred in not granting her leave to appeal the case as a pauper. In her argument under this point, appellant contends that the trial court abused its discretion in sustaining appellee's objection to the pauper's affidavit.

The jurisdictional issue concerns whether appellant's attempted perfection of appeal was effective. See Rule 363, T.R.C.P. In his motion, appellee contends that the appeal was not perfected because the appeal bond was not filed within 30 days of the judgment, as required by Rule 356, T.R.C.P.

■ It is well settled that delay in ruling on an affidavit in lieu of bond does not operate to extend the time for filing the appeal bond. *King v. Payne,* 156 Tex. 105, 292 S.W.2d 331, 334–35 (Tex.Sup.1956); *DeMiller v. Yzaguirre,* 143 S.W.2d 425 (Tex. Civ.App.—El Paso 1940, writ ref'd); *Wells v. Wells,* 566 S.W.2d 124 (Tex.Civ.App.— Houston [14th Dist.] 1978, no writ). In this case, the bond was filed after the expiration of 30 days following judgment and therefore was ineffective to perfect the appeal. *King v. Payne,* supra; *Glidden Company v. Aetna Casualty and Surety Company,* 155 Tex. 591, 291 S.W.2d 315 (Tex.Sup.1956). We therefore have no jurisdiction of the appeal unless the appeal was perfected without the bond.

■ The facts in this case are very similar to those in *King v. Payne,* supra. There, the hearing on the contest to the pauper's oath was held after the expiration of 30 days, the contest was sustained, and an appeal bond was subsequently filed. The Supreme Court, after noting that the late bond was ineffective to perfect the appeal, observed that the order sustaining the contest would ordinarily foreclose the appellant's right to have the appeal record filed in the Court of Civil Appeals in the absence of a timely-filed appeal bond. The issue was not foreclosed, however, where the appellant contended that the trial judge abused his discretion in sustaining the contest. Under these circumstances, the court reviewed the evidence in light of the standard for abuse of discretion as articulated in *Pinchback v. Hockless,* 164 S.W.2d 19 (Tex.Com.App.1942). Where abuse of discretion issue is raised, as herein, the review does not end with an examination of the applicable time limits, but encompasses a review of the evidence concerning the appellant's ability to pay or secure the costs of appeal. *King v. Payne,* supra; *McCartney v. Mead,* 541 S.W.2d 202 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ); *Williams v. Maynard,* 515 S.W.2d 9 (Tex.Civ.App.— Austin, 1974, writ dism'd).

In the case before us, the transcript as well as a transcription of the hearing on the pauper's oath contest has been filed. Appellant's brief raises the issue of abuse of discretion. We therefore evaluate the evidence to determine whether the order sustaining the contest was an abuse of discretion.

Two witnesses testified at the hearing. No other evidence was offered. The first witness was Lawrence Talley, appellee herein. His testimony concerns only his failure to implement various terms of the property division and his failure to make payments as ordered in the divorce decree. The second witness was appellant's attorney who testified concerning funds within his knowledge which were available to appellant, the debts to be paid from these monies, and that appellee had not yet paid appellant's attorneys fees as ordered in the divorce decree.

■ We find that appellant failed to carry her burden to prove her inability to pay the costs of appeal or give security therefor. The mere indebtedness without any testimony as to her total assets, sources of income, or ability to borrow is insufficient. Indeed, the record indicates that appellant is entitled to proceeds from the eventual sale of the parties' former home, to payment of her attorneys fees, and to other property awarded in the divorce decree. We cannot conclude from the record as a whole that appellant is unable to pay the costs or a part thereof, or give security therefor, if she really wanted to and made a good-faith effort to do so. *King v. Payne,* supra; *Pinchback v. Hockless,* supra; *McCartney v. Mead,* supra; *Williams v. Maynard,* supra; *Tubbs v. Coker,* 401 S.W.2d 272 (Tex.Civ.App.—Houston 1966, no writ); *Burleson v. Rawlins,* 174 S.W.2d 979 (Tex.Civ.App.—Dallas 1943, no writ); Rule 355(d). We note that the appellant did in fact file an appeal bond, late as it was.

Because of our holding that the trial court did not abuse his discretion in sustaining the contest to the pauper's oath and because the regular appeal bond was filed late, the appeal was not perfected. We hold that we do not have jurisdiction and the appeal must be dismissed.

The transcript contains numerous documents included by the District Clerk at the request of appellee which are not related to the limited appeal filed by appellant under the provisions of Rule 353. Costs of the appeal are adjudged one-half against appellant and one-half against appellee.

APPEAL DISMISSED.