Frances W. O'BRIEN

v.

Dan GIBBS et al.

No. 19386.

Court of Civil Appeals of Texas, Dallas.

Aug. 11, 1977.

Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Reagan M. Martin, Dallas, for appellees.

GUITTARD, Chief Justice.

In this original mandamus proceeding our principal question is whether a divorced wife may perfect an appeal from a divorce decree by filing an affidavit of inability to pay or give security for the costs on appeal under rule 355 of the Texas Rules of Civil Procedure when the decree has allotted to her property that is clearly greater in value than the amount of the expected costs. The trial court sustained a contest of the affidavit, and the writ is sought to require the court to set aside that order and overrule the contest. We hold that the court did not abuse its discretion in sustaining the contest.

Petitioner contends that she should not be required to resort to any of the property allotted to her in the decree, whether it was formerly community property or her separate property, because by so accepting the benefits of the decree she would preclude herself from appealing under *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). Although the evidence at the contest hearing is not before us, the decree with its attachments contains a detailed listing of

the property, both community and separate, and strongly indicates that regardless of the ultimate disposition of specific property, the value of petitioner's interest will substantially exceed the amount of any costs that might be adjudged against her. Accordingly, we hold that the use of her interest to secure payment of the costs would not constitute a voluntary acceptance of the benefits of the divorce judgment. *McCartney v. Mead*, 541 S.W.2d 202, 205–06 (Tex. Civ.App.–Houston [1st Dist.] 1976, no writ); and *see Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.–Dallas 1977, no writ).

Petitioner's counsel does not assert that petitioner was unable to obtain the necessary sureties on the bond for costs on the faith of her interest in the property. Rather, counsel argues that petitioner is unable to raise the cash deposit required by the district clerk and the court reporter before they will prepare and deliver the transcript and statement of facts. We need not consider what remedy would be available to petitioner if after filing a bond to secure the costs, the clerk and reporter should still demand a cash deposit. There is authority that these officials cannot insist on cash in advance when the appeal bond is sufficient to cover preparation of the record. *McCartney v. Mead*, *supra* at 205; *City of Ingleside v. Johnson*, 537 S.W.2d 145, 152 (Tex.Civ.App.–Corpus Christi 1976, no writ). Consequently, their prospective refusal to prepare and deliver the record without an advance deposit of cash would not excuse petitioner from filing a bond to secure the costs, if she can do so.

On the record before us and under the test laid down by the supreme court in *King v. Payne*, 156 Tex. 105, 292 S.W.2d 331, 336 (1956), we hold that the petition for writ of mandamus fails to establish abuse of discretion by the trial court in sustaining the contest.

Mandamus denied.