Doyle C. FINE, Relator,

v.

Ruth PAGE, District Clerk of Comanche County, Texas and Don McDonald, Official Court Reporter, District Court of Comanche County, Texas, Respondents.

No. 5233.

Court of Civil Appeals of Texas, Eastland.

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

Doyle C. Fine, pro se.

Leslie B. Vance, Dist. Atty., Clifton, Ben D. Sudderth, Comanche, for respondents.

RALEIGH BROWN, Justice.

This is a consolidation of two original mandamus proceedings filed in this court by relator, Doyle C. Fine, against Ruth Page, District Clerk of the 220th Judicial District Court of Comanche County, Texas, and Don McDonald, Official Court Reporter for the 220th Judicial District Court of Comanche County, Texas, respondents, for the purpose of enforcing relator's rights to the transcript and statement of facts in Cause No. 12,194 on the docket of the 220th Judicial District Court of Comanche County. We hold that relator Fine is entitled to the relief sought.

Relator's timely filed motion for new trial was overruled by the trial court on June 15, 1978. Thereafter, on July 10, 1978, Fine filed an appeal bond in the District Court of Comanche County in the amount of $2,500 with Tarrant County Sureties. The relator had previously refused to pay accrued costs as of that date. He was verbally informed by the Deputy Clerk of Comanche County on July 10 and again the following day by Ruth Page, District Clerk, that the appeal bond would not be accepted or approved. The bond contained a certificate of approval which Ruth Page, District Clerk, refused to sign.

The plaintiffs in Cause No. 12,194, from which cause relator is attempting to appeal, filed a motion in the trial court on July 11, 1978, praying that the relator's appeal bond be disapproved, and that the relator pay one-half of the estimated costs of the statement of facts in advance before the Court Reporter began preparation of the requested statement of facts. The motion was set to be heard on July 26, 1978, and an order was signed July 28, 1978, forty-three days after relator's motion for new trial was overruled. The order required relator to file an appeal bond in the amount of $3,000 with either a corporate surety or two or more good and sufficient sureties residing in Comanche County, Texas.

Relator did not comply with the order. Respondent, Ruth Page, District Clerk, therefore, refused to prepare the transcript and Respondent, Don McDonald, Official Court Reporter, refused to prepare the statement of facts in absence of advance payment of one-half of the estimated costs thereof. Relator's right to the writs sought depends upon the application of appropriate Rules of Civil Procedure, particularly Rule 354(a), T.R.C.P., and Tex.Rev.Civ.Stat.Ann. art. 2324 (Supp.1978).

Rule 376, T.R.C.P., provides in part:

"Upon the filing of the costs bond or deposit, the clerk of the trial court shall prepare under his hand and seal of the court for transmission to the appellate court a true copy of the proceedings in the trial court . . ."

The Court Reporter is to prepare the statement of facts upon request and cannot insist upon cash in advance as a condition thereto when a bond is filed sufficient to perfect the appeal. Tex.Rev.Civ.Stat.Ann. art. 2324 (Supp.1978); *Wells v. Wells*, 570 S.W.2d 224 (Tex.Civ.App.—Houston (1st Dist.) 1978); *O'Brien v. Gibbs*, 555 S.W.2d 199 (Tex.Civ.App.—Dallas 1977, no writ); *McCartney v. Mead*, 541 S.W.2d 202 (Tex. Civ.App.—Houston (1st Dist.) 1976, no writ); *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ). The appeal bond is the security for the court reporter's costs. Rule 354(a), T.R.C.P.

Both respondents maintain that the relator has not filed a bond which complies with Rule 354(a), T.R.C.P., and therefore they are not required to fulfill their mandatory duties. We disagree.

Rule 363, T.R.C.P., provides in part:

"When a bond is required by law the appeal is perfected when the bond or affidavit in lieu thereof has been filed, . . ."

Rule 354(a), amended effective January 1, 1978, governs the requirements of such bond, and provides a procedure in the trial court for the increase or decrease of the bond required to perfect the appeal.

Rule 354, before January 1, 1978, provided that the appeal was perfected when the appellant filed a bond "approved by the clerk". Amended Rule 354(a) dispenses with the necessity of approval if a bond is filed "in the sum of $500 unless the court fixes a different amount upon motion of either party". The last sentence of Rule 354(a) provides that "(u)pon motion of either party the court may increase or decrease the amount of the bond . . . required." Under such amended rule, therefore, the appeal is perfected when the appellant files a bond in the amount of $500, regardless of whether it is approved by the District Clerk, unless the trial court, upon motion of either party, fixes a different amount. In such case, the appeal is perfected when the appellant files a bond in accordance with the trial court's order.

Rule 356(a) provides:

"Whenever a bond for costs on appeal is required, the bond shall be filed with the clerk within thirty days after rendition of judgment or order overruling motion for new trial, or after motion for new trial is overruled by operation of law . . . ."

 Rule 354(a) makes no provision for an extension of time to file an appeal bond. The thirty day period for filing the bond is mandatory and cannot be extended by the trial court. *Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Metal Enterprises, Inc. v. Don Love, Inc.*, 559 S.W.2d 90 (Tex.Civ.App.—Houston (1st Dist.) 1977, no writ). A trial court's delay in acting upon a motion to increase or decrease the required bond, therefore, does not justify an appellant's failure to file an appeal bond within the thirty day period. *See King v. Payne*, 156 Tex. 105, 292 S.W.2d 331 (1956) and *Wells v. Wells*, 566 S.W.2d 124 (Tex.Civ.App.—Houston (14th Dist.) 1978, no writ) (delay in acting upon a contest of an affidavit in lieu of a bond does not operate to extend the time for filing a bond). We hold that a trial court's action to increase or decrease the amount of the bond required to perfect appeal after the expiration of the thirty day period is of no effect. After the expiration of the thirty day period, an attack on the sufficiency of the bond can be brought solely in the appellate court under Rule 365, T.R.C.P.

Relator filed a bond in an amount of at least $500 and such bond was sufficient to perfect the appeal in the absence of a trial court order within the thirty day period directing that a bond in a different amount be filed. Ruth Page, District Clerk, has a mandatory duty, therefore, to prepare the transcript and Don McDonald, Court Reporter, has a like duty to prepare the statement of facts upon request. Relator has shown a clear right to have the writs issued as prayed.

We assume that Ruth Page, District Clerk of Comanche County, and Don McDonald, Official Court Reporter, District Court of Comanche County, will prepare the transcript and statement of facts respectively and writs of mandamus will issue only if either fails to discharge her or his duty.