**Callie ALEXANDER, for the Estate of Geneva Fowler Smith, Appellant,**

v.

**Naomi BOWENS and Clarence Reed, Appellees.**

No. 22772.

Court of Civil Appeals of Texas, Dallas.

April 11, 1979.

James P. Hopkins, Steele & Hopkins, Dallas, for appellant.

Howard V. Tygrett, Jr., Tygrett, Walker & Lamb, Dallas, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

■ This is a motion filed by appellant under Tex.R.Civ.P. 21c seeking an extension of time for filing her transcript and statement of facts. As grounds for extension, appellant states she needed additional time to obtain the statement of facts because the court reporter refused to prepare it without being paid in advance, and appellant did not have the funds at that time to pay the reporter. We hold that appellant's explanation is a reasonable one and accordingly grant appellant's motion.

Rule 21c provides that an appellant may be granted an extension of time for late filing of a transcript or statements of facts in a court of civil appeals "if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing" of such documents. The supreme court in *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977), held that "reasonably explaining" means any plausible statement of circumstances indicating that failure to file within the sixty day period prescribed by the rules was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. We must, therefore, apply this standard to appellant's explanation of her need for an extension to determine whether her explanation is reasonable.

Judgment was rendered on September 29, 1978. Appellant's motion for new trial was filed on October 9, 1978, and overruled by the trial court on November 13, 1978. On November 21, 1978, appellant filed her appeal bond and ordered the transcript and statement of facts. The court reporter refused, however, to prepare the statement of facts unless appellant paid her in advance. Appellant avers in her motion that she was unable to raise these funds until after the sixty day period had expired on January 12, 1979. In her Rule 21c motion filed on January 23, 1979, she states that the court reporter was on vacation at that time and would not return until February 2, 1979.

She apparently had the funds required by the court reporter on the date of filing her Rule 21c motion because, in a supplemental motion, she states that the statement of facts had been prepared and sent to the appellee's counsel on February 14, 1979, but had not yet been returned. In this supplemental motion, she also avers that the trial judge had approved the statement of facts, and it was tendered for filing with the transcript in this court on March 29, 1979.

■ Our question turns on whether she has reasonably explained her need for additional time to file her statement of facts since a reasonable explanation for late filing of the statement of facts also extends to the transcript which was apparently ready earlier. *E. g. Embry v. Bel-Aire Corp.*, 502 S.W.2d 543 (Tex.1973). We conclude that the explanation is a reasonable one under Rule 21c, and accordingly grant appellant's motion and order the statement of facts and transcript be filed as of March 29, 1979. Our holding is grounded upon the fact that the statement of facts would likely have been ready for filing within the sixty day period prescribed by the rules had the court reporter complied with appellant's timely request and commenced preparation of the statement of facts on November 13, 1978. We note, in this respect, that the court reporter was able to prepare the statement of facts between February 2, 1979, and February 12, 1979. Since the reporter had no right to require payment as a condition precedent to her official duty to prepare the statement of facts, the delay was not deliberate or intentional. Tex.Rev. Civ.Stat.Ann. art. 2324 (Vernon Supp.1979) provides:

[w]hen any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same by written demand, and *the reporter shall make up such transcript* and shall receive as compensation therefor a reasonable amount. [Emphasis added]

As we read this language, the reporter had a mandatory duty to prepare the record upon request, but no right under the stat-

ute to demand payment in advance. Appellant's duty to pay the court reporter a reasonable fee does not arise until the statement of facts has been prepared. Indeed, the statute contemplates that the statement of facts be prepared before a reasonable fee for such services can be established. Under the statute, if the fee be excessive, then appellant could have objected. Without knowing the length and number of pages of the statement of facts in advance, however, a party would be in poor position to lodge an objection to the fee. We hold, therefore, that the court reporter's duty to prepare the statement of facts arises before the appellant has a duty to pay a reasonable fee. *See Fine v. Page*, 572 S.W.2d 577, 579 (Tex.Civ.App.—Eastland, 1978, no writ); *See also In re Johnson*, 554 S.W.2d 775, 782–83 (Tex.Civ.App.—Corpus Christi, 1977, no writ).

Motion granted.