**Robert M. VOLPE, Relator,**

v.

**T. Mack STEPHENS, Respondent.**

**No. 20139.**

Court of Civil Appeals of Texas, Dallas.

Oct. 16, 1979.

810

Paul T. Fanning, Dallas, for relator.

Larry S. Parnass, Irving, for respondent.

Before AKIN, ROBERTSON and STO-REY, JJ.

AKIN, Justice.

This is an original proceeding in which relator, Robert Volpe, seeks, pursuant to Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), to mandamus a court reporter, T. Mack Stephens, to prepare a statement of facts for appeal of a case pending between appellant and appellees, Charles and Joneen Scholobohm. Appellant filed a $500 cost

bond in the trial court as required by Tex.R. Civ.P. 354. The reporter has filed a motion in this court to increase that cost bond to cover the cost of preparing the statement of facts. Tex.R.Civ.P. 365. We hold that a writ of mandamus should issue. We also grant the motion to increase the cost bond.

The facts are not disputed. Appellant timely perfected an appeal to this court by filing a $500 cost bond and requested that the reporter prepare the statement of facts. Tex.R.Civ.P. 365. The reporter replied that he would require a $500 deposit before commencing preparation and full payment before delivery of the statement of facts. Appellant's attorney initially agreed to these terms but later repudiated the agreement, and the reporter refused to continue preparation of the statement of facts. An affidavit of the reporter estimates that the statement of facts will cost $2,162.50. He contends that because appellant's attorney promised to pay in advance and did not do so, and because appellant filed only a $500 cost bond knowing the statement of facts would cost substantially more, the writ of mandamus should not issue. He also contends that Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon Supp.1979) supports his theory. These contentions are without merit.

■ We have held that the language of article 2324, the statute defining the duties of official court reporters, imposes a mandatory duty on the court reporter to prepare the statement of facts on request. The court reporter has no right to require prepayment before preparing the statement of facts. *Alexander v. Bowens*, 581 S.W.2d 714 (Tex.Civ.App.—Dallas 1979, no writ). We adhere to the statements and holding in *Alexander*. Accordingly, when appellant filed a $500 cost bond, perfecting his appeal under rule 354, and requested the statement of facts, the reporter had a mandatory duty to prepare it. Mandamus will issue to compel performance of this duty. *Fine v. Page*, 572 S.W.2d 577 (Tex.Civ.App.—Eastland 1978, writ dism'd); *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ.App.— Corpus Christi 1976, no writ).

■ The reporter contends, however, that no appeal was perfected by the filing of a $500 appeal bond because appellant knew at the time that the bond was insufficient. We reject this contention because whether an appeal has been perfected depends upon the rules of civil procedure rather than upon extraneous facts such as appellants' knowledge of the inadequacy of the bond. To hold as the reporter would have us do would make our jurisdiction depend upon disputed extraneous facts and thus render uncertain whether a losing party had perfected his appeal. Such a holding would be untenable because it would create uncertainty with respect to whether this court obtained jurisdiction or whether jurisdiction continued in the trial court.

■ The reporter next argues that because the appellant at first agreed to pay the down payment but later refused to do so, mandamus should be denied. We cannot agree that this is a ground upon which to deny mandamus. Such a holding would inject equity into both rule 354 and article 2324, contrary to the language used in both rule and statute, each of which is specific. Essentially, the reporter argues that the facts of each particular case should determine whether a $500 cost bond is sufficient to perfect an appeal. Prior to 1976, the reporter's contention was correct since sufficiency of the cost bond depended upon certification by the clerk of the trial court. To determine sufficiency, the clerk was required to estimate the cost of appeal for each case, including preparation of the statement of facts. For an example of the problems that arose under this rule, see *Lone Star Steel Co. v. Owens*, 302 S.W.2d 213 (Tex.Civ.App.—Texarkana 1957, writ ref'd n. r. e.). Since January 1, 1976, however, Tex.R.Civ.P. 354 makes a $500 cost bond sufficient unless the trial court fixes a different amount upon motion of either party. The reporter would have us disregard rule 354 as it is currently written and return to the former language of the rule. This we cannot do. We conclude, therefore, that because these contentions lack merit, appellant is entitled to his writ of mandamus and the reporter is ordered to prepare, forthwith, the statement of facts in this cause.

The reporter is not without remedy, however, to assure adequate compensation for his preparation of the statement of facts. Although the trial court lost jurisdiction when the $500 appeal bond was filed, *Fine v. Page, supra,* at 579, Tex.R. Civ.P. 365 gives us authority to require an additional bond, whether arising from inadequacy of the bond fixed by the trial court or "from any subsequent condition which may arise affecting the sufficiency of said bond."

Rule 354 allows the trial court to increase the bond on motion of *either party.* A motion to increase the appeal bond under rule 365 is not so limited by its language to parties. Consequently, we hold that the reporter has standing in this court to move that the bond be increased to protect his fees. The reporter has exercised his remedy under rule 365 by filing a motion with this court to increase the appeal bond. His affidavit avers that from his notes he estimates that the statement of facts will be 850 pages and that he charges $2.25 per page and $250 for binding and indexing, which he avers is reasonable. From this he estimates the statement of facts will cost $2,162.50. Appellant has not challenged the facts set forth in the reporter's affidavit. Consequently, we grant the reporter's motion to increase the appeal bond in the cause of Volpe v. Scholobohm, et ux., to $2,662.50.