**Antonio F. PALACIO, Relator,**

v.

**Beverly JOHNSON, Respondent.**

**No. 01–83–0634–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1983.

Don E. Kilpatrick, Houston, for relator.

Jim Skelton, Houston, for respondent.

Before JACK SMITH, BULLOCK and COHEN, JJ.

### OPINION

Original Proceeding on Application for Writ of Mandamus

JACK SMITH, Justice.

The relator has filed a petition for writ of mandamus requesting that this court compel respondent to file the statement of facts from a trial in the 80th Judicial District Court of Harris County for which respondent was the court reporter. We grant the writ.

The court of appeals has original jurisdiction of this proceeding by virtue of the TEX. CONST. art. V, sec. 6, (1981, amended 1980) and TEX.REV.CIV.STAT. ANN. arts. 1823, 1824 (Vernon 1964). This court has jurisdiction to mandamus a court reporter to prepare a statement of facts required to resolve questions raised on appeal, in order to protect our jurisdiction. *Wolters v. Wright*, 623 S.W.2d 301 (Tex.

1981); *Loflin v. Weiss*, 605 S.W.2d 377 (Tex. Civ.App.—Amarillo 1980, no writ).

Relator brought suit against Highland Coors Distributors, Inc., to recover damages allegedly incurred as a result of a vehicle collision. In February, 1983, the cause was tried in the 80th District Court of Harris County, Texas. The district court entered a take nothing judgment against relator. The respondent, Beverly Johnson, official reporter of the 80th District Court, was present at the trial in her official capacity, and took notes of the proceedings. The judgment was signed March 21, 1983. Relator filed a motion for new trial, causing the statement of facts to be due June 29, 1983. TEX.R.CIV.PRO. 386. The record reflects that on April 11, 1983, the relator requested the respondent to prepare the statement of facts. Relator filed his appeal bond of $500.00 on April 19, 1983, without contest.

Relator's first motion for extension of time to file statement of facts incorporated respondent's supporting affidavit. The respondent cited work load and personal matters as the reason for her need for an extension. The due date was extended to August 28, 1983.

In his second motion for extension, relator states that in addition to the appeal bond, he also gave respondent a $1,000.00 down payment for her services. Relator further noted that, although the statement of facts was complete, respondent refused to deliver it until she received total payment for her services of more than $2,900.00. The court granted an extension to October 21, 1983. These motions and the petition for writ of mandamus reflect that a statement of facts is necessary to present points on appeal.

Official reporters are indispensible for a complete appellate record and therefore integral to the right of appeal. The reporter is compensated as an official of this state for the performance of her official duties, including the recording of proceedings for appellate review. A court reporter has no right to payment as a condi-

tion precedent to her official duty to prepare a statement of facts. She has a mandatory duty to prepare the record upon request. *Alexander v. Bowens,* 581 S.W.2d 714, 715 (Tex.Civ.App.—Dallas 1979, no writ).

An official reporter is the exclusive source for a written record to trial court proceedings. Litigants have no other person to preserve oral testimony, objections, and court rulings. The parties have had no voice in the reporter's selection have no control in her supervision, and are totally dependent on her quality, speed, and accuracy. But yet the burden and penalty for a reporter's delay, neglect, or refusal to perform her official duties is borne by all litigants by causing an onerous succession of requests for leave from the appellate courts.

"An official court reporter, is an officer of the state, and should not be permitted to interfere with the exercise of the appellate jurisdiction of a Court of Civil Appeals in resolving an appeal, by failing and refusing to complete and deliver the statement of facts. *O'Neal v. Stovall,* 580 S.W.2d 130, 132 (Tex.Civ.App.—Austin 1979, no writ).

Had this reporter desired additional security for the payment of her fee, her proper relief is prescribed by TEX.R.CIV. PRO. 354, by filing a motion to increase the amount of the cost bond with the trial court. Having chosen not to do so, we will not permit her to further delay this appeal.

Accordingly, the clerk of this court is directed to issue a writ of mandamus commanding respondent, Beverly Johnson, to prepare a complete statement of facts in Cause No. 80–42812, styled Antonio F. Palacio vs. Highland Coors Distributors, Inc., in the 80th Judicial District Court of Harris County, Texas, and deliver the same to the clerk of this court on or before October 24, 1983. Upon receipt of the statement of facts, the clerk will mark it "received" and notify all attorneys of record in said cause. In order to allow sufficient time for examination and approval of the record, the court on its own motion extends the time for filing the statement of facts in this court in said cause to October 31, 1983.

All costs of this proceeding are adjudged against respondent, Beverly Johnson.