**Ray Darrel BROWNING and Betty Ruth Browning, Relators,**

v.

**Gary ALEXANDER, Respondent.**

**No. 13–92–567–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1992.

R.W. Armstrong, R.W. Armstrong & Associates, Brownsville, for real parties in interest.

Keith C. Livesay, Barron, Orendain, Malany & Flanagan, McAllen, Ben R. Neece, Law Office of Ben R. Neece, Brownsville, for relators.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

Ray Darrel and Betty Ruth Browning, Relators, seek a Writ of Mandamus compelling, Gary Alexander, formerly the Official Court Reporter of the 138th District Court in Cameron County, to prepare the statement of facts in their case which is pending before this Court. We agree with relators' position and conditionally grant the writ.

Judgment was entered against the relators on May 15, 1992. A motion for new trial was filed on June 11, 1992. The trial court entered a judgment nunc pro tunc on July 12, 1992. Relators then filed a second motion for new trial on June 15, 1992. The cost bond was timely filed on September 9, 1992. In their request for the statement of facts, relators indicated that they would be willing to pay a deposit for the preparation and that appellate counsel would forward respondent's bill to the clients for payment upon completion. Respondent notified appellate counsel by letter, dated October 5, 1992, that he wanted full payment before commencing the statement of facts. In that letter, he stated that the only reason he could not get the statement of facts completed in time was that he had still not received payment. He stated in his letter that he also would need full payment in order to complete the affidavit in support of the extension of time to file the statement of facts. Respondent has never challenged the sufficiency of the cost bond or moved to increase the amount of the cost bond. Respondent has not yet prepared the statement of facts.

An official court reporter has the general duty to furnish a transcript of the reported evidence or proceedings in accordance with specific provisions of the Government Code. Tex.Gov't Code Ann. § 52.-046(a)(5) (Vernon 1988). The Government Code provides that the court reporter shall *furnish* the transcript upon payment of the reporter's fee. Tex.Gov't Code Ann. § 52.-047(a), (c) (Vernon Supp.1992). An appellant is required, under the current rules, to either pay or make arrangements to pay the court reporter upon *completion* and

*delivery* of the statement of facts. Tex.R.App.P. 46(e).

 The law is well settled that a court reporter is not necessarily entitled to payment before beginning to prepare the statement of facts. *City of Ingleside v. Johnson,* 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Alexander v. Bowens,* 581 S.W.2d 714, 716 (Tex.Civ.App.—Dallas 1979, no writ). A court reporter must prepare the statement of facts upon request and may not insist on cash in advance when a bond is filed sufficient to perfect the appeal. *Fine v. Page,* 572 S.W.2d 577, 578 (Tex.Civ.App.—Eastland 1978, writ dism'd). Relators timely filed their cost bond. The appeal bond is the security for the cost of the statement of facts and transcript. *See* Tex.R.App.P. 46(a).

 Courts of Appeals have original jurisdiction pursuant to Tex.Gov't Code Ann. § 22.221(a) (Vernon 1988) to protect their own jurisdiction. Likewise, mandamus is proper in this situation to protect our jurisdiction. *Palacio v. Johnson,* 663 S.W.2d 490, 491 (Tex. App–Houston [1st Dist.1983], no writ). Relators have no adequate remedy by appeal in this case. Without a statement of facts, their underlying appeal would be meaningless. Additionally, absent any complaint concerning the sufficiency of the bond, there is no disputed issue to preclude mandamus.

We hold that respondent has a duty to prepare the statement of facts in this case and that he has refused to perform that duty. We are not to be understood as holding that he must prepare the statement of facts without charge.

We trust that the Honorable Gary Alexander will expediently begin preparation of the statement of facts in this case. Mandamus will issue only if he refuses to comply.