

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00122-CV

IN RE HERMAN SLAUGHTER, JR.                                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Pro se relator Herman Slaughter, Jr. has filed a petition for a writ of mandamus. As we construe relator's petition, he asks us to require respondent, the Honorable Mike Thomas, who is the presiding judge of Criminal District Court Number Four of Tarrant County, to rule on relator's "Amended Objections to Reporter's Record Fees" and to deliver a complete copy of the reporter's record from relator's criminal proceedings so that relator may prepare an application for

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

a writ of habeas corpus. We conditionally grant relief in part and deny relief in part.[2]

## Background Facts

In December 2010, pursuant to a plea bargain agreement, the trial court convicted relator of possessing between two hundred and four hundred grams of cocaine[3] and sentenced him to seventeen years' confinement. A term of relator's plea-bargain agreement precluded him from appealing his conviction, and he did not do so.

Almost a year later, in November 2011, relator began seeking copies of the clerk's and reporter's records from his criminal case for the purpose of preparing an application for a writ of habeas corpus. In January 2012, relator filed his original "Objections to Clerk and Reporter's Fees," stating, in part, that although he had requested a cost summary of preparing a reporter's record from the court reporter who had transcribed his criminal proceedings, the court reporter had not responded. In conjunction with filing the original objections, relator filed a statement in which he attested his inability to pay costs because he owns no real estate, has no cash or income, and has debts and monthly expenses. Relator eventually paid $55.65 to receive a copy of the 159-page clerk's record from his criminal case.

_____

[2]*See* Tex. R. App. P. 52.8(a), (c).

[3]*See* Tex. Health & Safety Code Ann. § 481.115(e) (West 2010).

In February 2012, the court reporter sent relator a letter informing him that the estimated cost of the transcript from his criminal proceedings was $1,065 and that the transcript would be delivered upon payment of that amount. After receiving a letter from relator, the court reporter amended the estimate to $1,165.

In July 2012, relator filed his amended objections pursuant to section 52.047(b) of the government code,[4] contending that the $1,165 fee was "well beyond his means of payment" and asking the trial court to determine a reasonable fee. Relator contended in the amended objections that section 52.047(b) invoked a ministerial duty upon respondent. He proposed to pay ten cents per page for the record, to borrow the record for ninety days and then return it, or to be allowed to view the record while confined in Tarrant County upon being transferred there through a bench warrant.

Months after relator filed his amended objections, the Tarrant County District Clerk sent a letter to him that stated, "In reference to your correspondence regarding the [amended objections], please find enclosed a file-marked copy. In reference to your inquiry, the Court is taking the motion/request under advisement." Our record does not reflect that respondent has ever ruled on relator's July 2012 amended objections.

Relator filed a petition for a writ of mandamus in this court, arguing in part that respondent has violated his due process rights by taking no action on his

---

[4]*See* Tex. Gov't Code Ann. § 52.047(b) (West 2013).

3

amended objections. Relator also asked us to require respondent to deliver a complete copy of the reporter's record to him. The real party in interest, the State of Texas, responded by arguing that we lack jurisdiction and that respondent has not abused his discretion.

**Relator's Entitlement to Partial Relief**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or when it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)*.

A court reporter must, on written request, furnish a transcript of reported evidence or other proceedings. Tex. Gov't Code Ann. §§ 52.046–.047 (West 2013); *see Browning v. Alexander*, 843 S.W.2d 703, 704 (Tex. App.—Corpus Christi 1992, orig. proceeding); *see also In re Ledbetter*, No. 07-03-00389-CV, 2003 WL 22061180, at *1 (Tex. App.—Amarillo Sept. 4, 2003, orig. proceeding) (not designated for publication) ("[T]he official court reporter . . . is burdened with the duty to transcribe court proceedings and furnish transcripts of those proceedings to others."). The court reporter may charge a fee for preparing the

4

transcript, but if "an objection is made to the amount of the transcript fee, *the judge shall determine a reasonable fee*, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript." Tex. Gov't Code Ann. § 52.047(b) (emphasis added). The term "shall" as used in a statute is generally recognized as mandatory, creating a duty or obligation. *In re Salazar*, 315 S.W.3d 279, 283–84 (Tex. App.—Fort Worth 2010, orig. proceeding) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)).

A trial court "commits a clear abuse of discretion when it refuses to exercise its discretion to hear and rule on pending motions," and a court of appeals may compel a trial court to rule. *Grant v. Wood*, 916 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); *see In re Am. Media Consol.*, 121 S.W.3d 70, 72 (Tex. App.—San Antonio 2003, orig. proceeding). The trial court's duty to act on a pending motion arises when the movant has brought the motion to the court's attention and the court has had a reasonable time to rule. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Applying the unambiguous and plain meaning of section 52.047(b) of the government code, as we generally must,[5] we conclude that the section requires

---

[5]*See Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 80 (Tex. App.—Fort Worth 2010, no pet.).

respondent to rule on relator's amended objections and to "determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by" relator. Tex. Gov't Code Ann. § 52.047(b). Our record in this original proceeding does not contain a ruling on relator's July 2012 amended objections. Respondent appears to have known about the filing of the amended objections at least since October 2012 because in that month, the Tarrant County District Clerk informed relator that respondent had taken the amended objections under advisement. Thus, we hold that respondent has clearly abused his discretion by not ruling on relator's amended objections; that because respondent has not ruled, relator has no adequate remedy by appeal; and that relator is therefore entitled to relief. *See State*, 355 S.W.3d at 613; *Grant*, 916 S.W.2d at 45; *see also In re Mitchell*, No. 10-07-00250-CV, 2008 WL 191477, at *1–2 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (mem. op.).

We reject the State's arguments with respect to respondent's refusal to rule. First, although the State argues that we lack jurisdiction to issue a writ of mandamus against respondent under the circumstances of this case, we generally have the authority to issue writs of mandamus against district court judges within our geographic jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(b)(1) (West 2004); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 116 (Tex. Crim. App. 2013) (orig. proceeding). And more

6

specifically, the court of criminal appeals has recently held that a court of appeals has jurisdiction in a mandamus proceeding relating to a trial court's refusal to rule on a request for records that are intended to be used in the preparation of a not-yet-filed habeas corpus application. *Padieu*, 392 S.W.3d at 117–18; *see In re McGoldrick*, No. 03-12-00094-CV, 2013 WL 499477, at *1 (Tex. App.—Austin Jan. 29, 2013, orig. proceeding) (mem. op.) (holding that in light of *Padieu*, a court of appeals had jurisdiction to consider a relator's request for mandamus relief "requiring the trial court to rule on his motion for a copy of the clerk's record and reporter's record from his trial").

Also, to the extent that the State argues that the trial court did not have jurisdiction to consider relator's request for records because relator's conviction is final, we conclude that section 52.047(b)'s unambiguous language not only gave the trial court the authority to rule on relator's amended objections but required it to do so. *See* Tex. Gov't Code Ann. § 52.047(b) ("If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript."); *see also State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (stating that upon a criminal defendant's final conviction, the trial court "has special or limited jurisdiction to ensure that a higher court's mandate is carried

out *and to perform other functions specified by statute*") (emphasis added) (footnote omitted).

The State also argues that respondent has not abused his discretion by declining to rule on relator's objections because relator did not appeal his conviction and expressly waived his right of appeal. But the State has not contended that in his plea bargain, relator expressly waived a right to retrieve records related to his conviction under section 52.047, for use in whatever purpose,[6] or that he expressly waived a right to seek postconviction relief through applying for a writ of habeas corpus. *See Ex parte Reedy*, 282 S.W.3d 492, 494–96 (Tex. Crim. App. 2009) (distinguishing between a defendant's waiver of appellate remedies and a defendant's waiver of postconviction habeas corpus relief and explaining that an "express waiver" of seeking habeas corpus relief must be made voluntarily, knowingly, and intelligently).[7]

Finally, the State argues that relator will not ultimately be entitled to a free record "to explore possible grounds for collateral attack upon [his] conviction." But in relator's amended objections that he expressly predicated on section 52.047(b), he did not principally request free access to the record; rather, he

---

[6]Section 52.047 states that a "person" may apply for transcripts; the section does not expressly limit its applicability to proper litigants. *See* Tex. Gov't Code Ann. § 52.047(a).

[7]The State has not cited authority establishing that a waiver of appellate rights also waives the right to file an application for a postconviction writ of habeas corpus.

objected to the court reporter's quoted fee and asked respondent to set a reasonable fee.

Finally, relator asks us to require respondent to provide the reporter's record to him. However, because respondent has not yet ruled on relator's amended objections and because a ruling on the amended objections could make it possible for relator to obtain the reporter's record, we deny that part of relator's mandamus petition because it is premature. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) ("Hearn seeks an order from this court transferring the case back to Galveston County. The issue is premature because the trial court has not yet ruled on the motion to transfer the case."); *In re Sensitive Care Inc.*, 28 S.W.3d 35, 42 (Tex. App.—Fort Worth 2000, orig. proceeding); *see also In re Gullatt*, No. 05-08-00639-CV, 2008 WL 2266288, at *1 (Tex. App.—Dallas June 4, 2008, orig. proceeding) (mem. op.) (denying a petition for writ of mandamus because it was not ripe for adjudication); *In re Weesner*, No. 05-01-00024-CV, 2001 WL 15959, at *1 (Tex. App.—Dallas Jan. 9, 2001, orig. proceeding) (not designated for publication) (disposing of an issue in an original proceeding based on ripeness when a trial court had not ruled on a pending motion).

## Conclusion

For the reasons expressed above, having held that respondent abused his discretion by not ruling on relator's amended objections to the court reporter's

9

transcript cost estimate and that relator does not have an adequate remedy by appeal from the trial court's refusal to rule, we conditionally grant relator's petition for a writ of mandamus to the extent that we order respondent to rule on relator's amended objections.  *See* Tex. Gov't Code Ann. § 52.047(b).  We deny all other relief requested by relator.  A writ of mandamus will issue only in the event that respondent fails to comply with our instructions within thirty days of the date of this opinion.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  May 14, 2013